IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 7 |
| MICHAEL PORTER | ) |
| | ) CASE NO. 05-37355 |
| DEBTOR | ) |

## DEBTOR'S MOTION FOR WILLFUL VIOLATION OF THE INJUNCTION IMPOSED BY § 524(A)(2) OF THE BANKRUPTCY CODE BY CAROL KRON

**NOW COMES**, Michael Porter, by and through his counsel, Charles J. Diorio, Esquire, and files this, his Motion to reopen case and hold Carol Kron in Contempt for her willful violation of the injunction imposed by § 524(a)(2) of the Bankruptcy Code, and in support thereof, avers as follows:

### JURISDICTIONAL STATEMENT

A pleading setting forth a claim for relief must contain a short and plain statement of the grounds upon which the court may exercise jurisdiction. FED. R. CIV. P. 8(a). In his complaint, Plaintiff –Debtor states that the Court has jurisdiction because the matters presented are core proceedings, impliedly invoking this Court's jurisdiction under sections 157 and 1334 of Title 28. *See* 28 U.S.C. §§ 157, 1334(b).

Plaintiff- Debtor claims that the Defendant committed an act violating the discharge injunction. 11 U.S.C. § 524. The Court has the inherent power to enforce its own injunctions. In re Gervin, 337 B.R. 854, 857 (Bankr. W.D. Tex. 2005).

### FACTS AND ARGUMENTS

1.  Debtor, Michael Porter, is an adult individual and a domiciliary of the Commonwealth of Pennsylvania at all times material hereto, residing at 777 West Germantown Pike, Apartment 1027, Plymouth Meeting, Pennsylvania, 19462.

2.      Debtor was married to Carol Kron on July 4, 1988, who is an adult individual and a domiciliary of the Commonwealth of Pennsylvania at all times material hereto, residing at 2235 Oakwyn Road, Lafayette Hill, Pennsylvania, 19462.

3.      The parties' entered into a certain marital settlement agreement on February 7, 1998, which contained, in paragraph 7.B, a requirement that Debtor purchase a home for Ms. Kron, titled in her name, worth at least $250,000.00, a true and correct copy of the Marital Settlement Agreement is attached hereto, and incorporated herein, as Exhibit "A". There can be no doubt that this claim is property related, covered by 11 U.S.C. § 523(a)(15). The Bankruptcy Court has exclusive jurisdiction over claims under 11 U.S.C. § 523(a)(15).

4.      The parties were divorced on March 19, 1998, in Wisconsin.

5.      On October 14, 2005, Debtor filed a voluntary petition in the Eastern District of Pennsylvania, in this Court for relief under Chapter 7 of the Bankruptcy Code. On Schedule F, the Debtor listed Carol Kron as having an unsecured claim of $270,000.00, listed as a Property Settlement, a true and correct copy of which is attached hereto, and incorporated herein, as Exhibit "B".

6.      On November 7, 2005, the bankruptcy clerk served Carol Kron via first class mail with Notice of Commencement of the Debtor's case pursuant to Federal Rule of Bankruptcy Procedure 2002(a), true and correct copies of which are attached hereto, and incorporated herein, and marked as Exhibit "C".

7.      Ms. Kron attended the meeting of creditors held on December 5, 2005, pursuant to 11 U.S.C. § 341 which was held in Philadelphia, Pennsylvania, and she participated in that meeting questioning the Trustee. At that time, the Trustee advised Ms. Kron that she had a deadline of January 30th, 2006 in which to file a Motion to object to the discharge of the property settlement

with the Court. Trustee Krasny further advised Ms. Kron that the date of January 30th, 2006 was a strict deadline, by which she needed to file with the Court in order to contest the dischargeability of the property settlement debt.

8. Ms. Kron filed neither a proof of claim, nor an adversary proceeding to object to the dischargeability of any claim arising from the property settlement or to object to the Debtor's Discharge, which proceeding was required to be filed no later than January 30th, 2006 (bar date). Under applicable Bankruptcy law, the creditor-wife was required to file a dischargeability complaint in the Debtor's bankruptcy case within 60 days after the first meeting date of creditors. Having failed to avail herself of this remedy, the Debtor's obligations to his ex wife in the nature of property settlement are discharged and the ex wife is forever barred from seeking collection of the debts from the Debtor.

9. The Honorable Diane W. Sigmund, Chief Judge United States Bankruptcy Court, granted Debtor a discharge under section 727 of title 11, United States Code, the Bankruptcy Code. An order discharging the Debtor from all personal liability for debts existing on the date his bankruptcy petition was filed and prohibiting all creditors from attempting to collect any such debt was entered on February 7, 2006. By an order of the same date, the Debtor's bankruptcy case was closed.

10. On or about October 28th, 2009, Ms. Kron signed a Complaint in Contempt against Debtor, in the Court of Common Pleas of Montgomery County, Pennsylvania, indexed at 02-25666, which, inter alia, requests in paragraph 8(c) that:

> Paragraph 7.B (page 4), providing for Defendant furnish a home titled to Petitioner. Agreement obligates Defendant to purchase, on behalf of Petitioner, a home titled to Petitioner. These payments are non-dischargeable in bankruptcy up to One Hundred and Fifty Thousand ($150,000) Dollars. In the event that Defendant dies, the outstanding balance of these payments shall be a lien against his assets and entire estate.

At the time that she signed the contempt petition, Ms. Kron had actual knowledge that Debtor had been discharged in Bankruptcy. Ms. Kron subsequently filed her petition for contempt in the Court of Common Pleas of Montgomery County, Pennsylvania on November 9th, 2009. A true and correct copy of which is attached hereto, and incorporated herein, and marked as Exhibit "D".

11. Debtor's counsel in the state court contempt action filed a Motion for Stay of Proceedings and Injunction in the Court of Common Pleas of Montgomery County, Pennsylvania on DATE requesting that the court stay any state court proceedings and permanently enjoin Ms. Kron from proceeding to enforce the $250,000.00 property settlement debt as set forth in the Marital Settlement Agreement, since that obligation had been discharged by the bankruptcy's court's discharge order of February 7, 2006.

12. On December 3rd, 2009, counsel for Debtor mailed a letter to Ms. Kron, explaining that the property settlement was discharged by reason of her failure to bring an action in bankruptcy court within 60 days after the initial scheduled meeting of creditors, to determine the dischargeability of the property settlement debt. Counsel insisted that Ms. Kron immediately discontinue all such contempt actions against Debtor, as they are in violation of the discharge injunction. A true and correct copy of which is attached hereto, and incorporated herein, and marked as Exhibit "E".

13. Ms. Kron has failed and refused to withdraw her contempt action against Debtor, despite counsel's demand that she do so, and despite the warnings that she may well be in contempt of the bankruptcy court's discharge injunction.

14. On December 18, 2009, the Debtor filed a Motion for contempt in his bankruptcy case based on Ms. Kron's violation of the discharge injunction. Since Ms. Kron's property settlement

was listed in Schedule F, Ms. Kron was given notice of Debtor's bankruptcy filing, in which Ms. Kron participated, and Ms. Kron failed to bring any action under 11 U.S.C. § 523(c)(1) to determine dischargeability of the property settlement debt within the sixty day time allotted for commencing such actions, the debt was discharged as a matter of law.

15.    Ms. Kron deliberately, willfully, and knowingly violated the discharge injunction against instituting an action to collect money against Debtor, since she had actual knowledge of the filing of Debtor's Bankruptcy, she actively participated at the meeting of creditors before the Trustee, and she received notice of Debtor's discharge, and received written notice of the discharge injunction. A true and correct copy of Discharge of Debtor is attached hereto, and incorporated herein, and marked as Exhibit "F".

16.    Section 524(a)(2) of the Bankruptcy Code prohibits any attempt to hold the debtor liable on a discharged debt.

17.    Section 524(a)(2) specifically states that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2)

18.    Section 362(h) authorizes an individual injured by a willful violation of the discharge injunction to recover actual damages, attorney fees, and where appropriate, punitive damages.

19.    Ms. Kron deliberately omitted any mention of Debtor's Bankruptcy filing, injunction, or discharge in bankruptcy in her Montgomery County filing, despite her knowledge as set forth herein.

20.    In so doing, Ms. Kron intentionally, willfully, and maliciously undertook actions in direct contravention and direct violation of the discharge injunction.

21. Debtor has incurred counsel fees, expenses, and emotional harm as a direct result of Ms. Kron's intentional, unlawful, and malicious conduct.

22. A willful violation of the § 524(a)(2) discharge injunction will warrant a finding of civil contempt and imposition of sanctions, including counsel fees, actual damages, and punitive damages.

**WHEREFORE**, Debtor requests that this Court grant the following relief:

1. Declare Carol Kron in willful violation of the § 524(a)(2) discharge injunction;

2. Grant declaratory relief that the settlement agreement with Carol Kron was discharged in Bankruptcy, since she participated in the meeting of creditors, opted to not file a proceeding to determine dischargeability, or an objection to discharge of that debt within the 60 day time deadline to do so;

3. Award actual damages to Debtor;

4. Award counsel fees to Debtor;

5. Award punitive damages to Debtor as a sanction for Carol Kron's intentional, outrageous, and malicious conduct;

6. Stay the Montgomery County Contempt proceedings;

7. Permanently enjoin Ms. Kron from attempting to enforce certain provisions of the Property Settlement Agreement, specifically the requirement that Debtor buy Ms. Kron a house;

8. Whatever additional relief this Court may deem just and appropriate.

**RESPECTFULLY SUBMITTED:**

Charles J. Diorio, Esquire
184 Lancaster Ave.
Malvern, PA 19355
(610) 647-8282
Diorio@bee.net